## 6171.  PERRY *v.* CONSTITUTION PUBLISHING COMPANY.

1. A plaintiff who has dismissed his suit must, before bringing a second suit for the same cause of action, either pay the costs of the former suit or file a pauper affidavit that he is unable, on account of poverty, to pay the costs of the former suit; and when there is a failure to do either, a plea in abatement setting up these facts will be sustained.

2. The rule announced above is controlling although the two suits may have been filed in different courts of this State; the only exception to this rule being where the first suit is filed in the United States court and the second suit in a court of this State, or vice versa.

DECIDED SEPTEMBER 11, 1915. JUDGE HILL, OF THE ATLANTA CIRCUIT, WAS DESIGNATED TO SIT IN THIS CASE IN THE PLACE OF JUDGE WADE, WHO WAS DISQUALIFIED.

Complaint; from city court of LaGrange—Judge Harwell. November 13, 1914.

*Henry Reeves, E. T. Moon,* for plaintiff in error.

HILL, J.  The Constitution Publishing Company brought suit in the city court of LaGrange against J. O. Perry on his check for $94.  The defendant, before pleading to the merits, filed a plea in abatement, in which he alleged that the plaintiff had brought suit against him for the same cause of action, in a justice's court, and that the case was decided against him in the justice's court, but, on appeal to the superior court, was dismissed.  The judge, without the intervention of a jury, after hearing evidence on this plea, overruled the plea, and thereafter rendered judgment for the plaintiff, for the full amount of the suit.

The only question which it is necessary for this court to determine is whether the court below erred in overruling the plea in abatement; for if the plea in abatement should have been sustained, the suit should have been dismissed as a necessary consequence.  The agreed statement of facts is as follows:  Defendant J. O. Perry was sued in the justice's court July 10, 1912, on an account against E. G. Griggs, and the justice gave judgment against the defendant.  He appealed the case to the superior court, and the latter court ordered the case dismissed, on the ground that the justice of the peace erred in not sustaining the demurrer filed in that court against the suit and dismissing the suit.  Subsequently the plaintiff filed the present suit in the city court.  Before filing the suit he did not pay the costs in the justice's court or in the superior court; nor did he make the pauper's

affidavit, as provided by statute, in lieu of the payment of costs. The summons in the justice's court was directed to J. O. Perry, the defendant. Attached to the summons was an account newly dated and made out against E. G. Griggs. There is nothing in the pleadings in the justice's court to show any connection between the defendant Perry and the account against Griggs, set out in the bill of particulars attached to the summons; and on that ground a demurrer was filed by the defendant in the justice's court, and the judgment of the superior court was that this demurrer should have been sustained.

The plea in abatement should have been sustained. The code of this State makes it a condition precedent for one who recommences his action after a dismissal, nonsuit, or discontinuance, thus he shall pay the costs of the prior suit, or in lieu thereof make a pauper's affidavit as provided by the statute. Civil Code, §§ 5625, 5626. Until the act of 1901 (Acts of 1901, p. 80) there was no exception to this rule that all costs of the previous suit should be paid before the commencement of the second suit. Under that act the plaintiff, before recommencing the suit, can make and file, with his petition, summons, or other proceeding, an affidavit in writing that he is advised and believes that he has good cause for recommencing his suit, and that owing to his poverty he is unable to pay the costs that have accrued in said case. We know of no other exception to the positive, mandatory requirement of the statute. It makes no difference if the second suit is filed in a court other than that in which the first suit was filed and disposed of; provided, of course, that both courts are courts of this State, with jurisdiction of the subject matter and of the parties. It would be different if the first suit had been filed in the Federal court and the second in a State court; and the reason for this is fully explained in the decision of this court in *Southern Ry. Co. v. Rowe*, 2 *Ga. App.* 557 (59 S. E. 462).

The primary purpose of the statute requiring costs to be paid is the benefit of the officers of the court, as has frequently been held, and this purpose would be defeated if the same suit could be filed in a different court of the State without a compliance with the statute on the subject of the payment of costs.

It is argued by counsel for the defendant in error that the superior court erred in sustaining the demurrer and ordering the

6

suit dismissed,---that in justice's courts, where no strictness of pleading is required, the plaintiff could by evidence show the connection between Perry, the defendant, and E. G. Griggs, who apparently was the debtor of the Constitution Publishing Company, the plaintiff.  Conceding, for the sake of the argument, that this is true, it makes no difference if the superior court did err in this ruling.  The error could have been corrected by a timely writ of error.  It is too late now to make the question.  Unquestionably the cause of action in both suits was the same.  The check given for the amount was simply the evidence of the debt, and this could have been shown in the suit on the account, brought in the justice's court.

Under repeated rulings of the Supreme Court and of this court, as well as the mandatory terms of the statute, we are constrained to reverse the judgment of the trial court refusing to grant a new trial on the ground that the plea in abatement should have been sustained.                              *Judgment reversed.*